# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| Jillene Fohr-Fick,<br><br>    Plaintiff,<br><br>v.<br><br>Americollect, Inc., Tina Doe,<br>Lisa Doe, and Jane Doe,<br><br>    Defendants. | Case No. 2:13-CV-00430<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff has brought this action against the Defendant debt collectors because they have continued to harass her with repeated robo-calls despite Plaintiff's continued dispute of this debt and her demands for them to stop.

2. The following recitation of tragic facts are relevant to this matter to show the emotional struggle that Plaintiff has gone through since the Defendant debt collectors have hounded her with phone calls and letters in an attempt to collect her late husband's medical bills.

3. On a January night in 2007, Plaintiff was home with her husband, Guy Fick. At that time, Guy had already fought and won a battle with cancer. However, his esophageal cancer came back, and it came back aggressively and it spread rapidly, eventually causing a brain tumor. In the late evening of January 20,

2007, Guy became very ill, began coughing up blood, and passed out in the bathroom of the home he shared with Plaintiff. Plaintiff quickly ran to the phone and dialed 9-1-1 as she sat with her husband, panicking and trying her best to revive him. By the time the ambulance arrived, Guy briefly came-to but he was mostly non-responsive. Plaintiff rode to the hospital with Guy in the ambulance while the EMTs worked and worked to try and revive Guy, but without success. Plaintiff then followed the EMT's and doctors into a hospital room while they all worked to revive her husband. There, Plaintiff watched as Guy's body continued to spit up blood, but he remained lifeless. That evening, her loving husband passed away with Plaintiff by his side.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and 28 U.S.C. § 1367 for pendant state law claims, which are predicated on the same facts and circumstances that give rise to the federal causes of action.

5. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427, in their illegal efforts to collect a consumer debt from Plaintiff.

2

6.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

7.   Plaintiff Jillene Fohr-Fick is a natural person who resides in the City of Menomonee Falls, County of Waukesha, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §1692k(a), as well as a person affected by violations of the TCPA and WCA.

8.   Defendant Americollect, Inc. (hereinafter "Americollect") is a collection agency operating from an address of 1851 S. Alverno Road, Manitowoc, Wisconsin 54220, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

9.   Defendant Tina Doe (hereinafter "Tina"), whose true name is not yet known, is a natural person who was employed at all times relevant herein by Defendant Americollect as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

10.  Defendant Lisa Doe (hereinafter "Lisa"), whose true name is not yet known, is a natural person who was employed at all times relevant herein by Defendant

Americollect as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

11. Defendant Jane Doe (hereinafter "Doe"), whose true name is not yet known, is a natural person who was employed at all times relevant herein by Defendant Americollect as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

## FACTUAL ALLEGATIONS

12. Defendants attempted to collect from Plaintiff an alleged financial obligation in the total amount of $637.63, that was for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, the unpaid balance for medical services provided to Plaintiff's late husband, Guy Fick (hereinafter "Guy"), by Community Memorial Hospital.

13. Specifically, Defendants' allege that Plaintiff owes on three of Guy's medical accounts that were due to be paid to the original creditor on 04/16/2006, 12/22/2006, and 12/26/2006, respectively.

14. Sometime after 2006, these alleged debts were consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

15. Plaintiff vigorously disputed these debts with Defendants on multiple occasions, and has repeatedly and consistently denied any such obligation.

### *Defendants' Illegal Collection of Debts Barred by Statute of Limitations*

16. After Guy passed, his estate was administered and all claims against it were resolved through the process of probate in Waukesha County.

17. The probate case of *In the Estate of Guy Fick*, Waukesha County Case Number 2008PR000052A, was filed and opened on July 17, 2008.

18. As part of that probate process, a Notice to Creditors was mailed to all known and reasonably ascertainable creditors of Guy, and was also published in three consecutive months of the Milwaukee Journal Sentinel.

19. Neither Defendant Americollect nor the original creditor, Community Memorial Hospital, appeared at the probate hearing or filed claims against Guy's estate for these debts.

20. The Waukesha County Probate Court closed the case of *In the Estate of Guy Fick* on August 25, 2009.

21. Pursuant to Wis. Stat. § 893.93(1)(c), "[a]n action upon a claim, whether arising on contract or otherwise, against a decedent or against a decedent's estate" is barred after the estate has been probated in this state.

22. As such, any claims that Defendants would have had against Guy, arising out of these debts, would have expired, at the latest, on August 25, 2009, when the probate case was closed.

23. Moreover, pursuant to Wis. Stat. § 893.05, "[w]hen the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished along with the remedy."

24. Federal Courts have held that debt collectors who attempted to collect debts that were beyond Wisconsin's statute of limitations misrepresented the legal status of the debt in violation of the FDCPA. *Klewer v. Cavalry Invs., L.L.C.*, 2002 U.S. Dist. LEXIS 1778 (W.D. Wis. Jan. 30, 2002).

25. Accordingly, every attempt by Defendants to collect these debts from Plaintiff after August 25, 2009, when Defendants were barred from bringing an action against Plaintiff pursuant to Wis. Stat. § 893.93, was a violation of the WCA, and an independently false and deceptive collection practice done in violation of the FDCPA.

26. Any claims that Defendants would have had arising out of these debts would have also expired and are barred under Wis. Stat. § 893.43.

27. Pursuant to Wis. Stat. § 893.43, "[a]n action upon any contract, obligation or liability, express or implied, including an action to recover fees for professional services . . . shall be commenced within 6 years after the cause of action accrues or be barred."

28. As such, any claims that Defendants would have had arising out of these debts would have expired for Account # 74585522 on April 16, 2012, for

Account # 75047381 on December 22, 2012, and for Account # 75051904 on December 26, 2012.

29.     Accordingly, every attempt by Defendants to collect these debts from Plaintiff after each respective statute of limitations had expired, when Defendants were barred from bringing an action against Plaintiff pursuant to Wis. Stat. § 893.43, was a violation of the WCA, and an independently false and deceptive collection practice done in violation of the FDCPA.

### Defendant's Illegal Collection of Debts from Plaintiff that She Did Not Owe

30.     The debts that Defendants have repeatedly attempted to collect from Plaintiff are not even Plaintiff's debts.

31.     The debts that Defendants have repeatedly attempted to collect from Plaintiff were incurred only by Guy when he obtained medical services from Community Memorial Hospital in 2006.

32.     Wisconsin Law provides that "[a]n obligation incurred by a spouse in the interest of the marriage or the family may be satisfied only from all marital property and all other property of the incurring spouse." *See* Wis. Stat. § 766.55(2)(b).

33.     Wisconsin Law further provides that, upon the death of one spouse, if the decedent spouse was the only incurring spouse under s. 766.55(2)(b),

survivorship marital property is not available for satisfaction of the obligation. *See* Wis. Stat. § 859.19(4)(a).

34. Accordingly, Defendant Americollect missed any opportunity it may have had to collect from marital property to satisfy these debts.

35. Guy's estate was fully probated without any claims made against it by Defendant Americollect or Community Memorial Hospital.

36. Guy has no marital property left to collect.

37. The Internal Revenue Service sheds some light on this issue:

> In all states, the death of a spouse terminates the community. This means that no new community property may be created. For example, wages of the surviving spouse are no longer community property. In most states, items of community property do not automatically pass to the surviving spouse. The surviving spouse continues to have a half interest in the property with the decedent's estate. Most states provide, however, that items of former community property remain available to satisfy community debts as they would have before the death of the spouse and to the extent of their value at the decedent's death.

Internal Revenue Manual § 25.18.4.8.

38. Moreover, effective as of August 29, 2011, the Federal Trade Commission ("FTC") issued a Final Statement of Policy Regarding Communications in Connection With the Collection of Decedents' Debts. *See* 76 FR 144, 44915 (Jul. 27, 2011).

39.     To address the particular concern of debt collectors misleading consumers about their personal obligation to pay the decedent's debt, the FTC's Policy Statement provided, in relevant part, as follows:

> . . . in communicating with persons who have the authority to pay the decedent's debts out of the estate's assets, it would violate Section 5 of the FTC Act and Section 807 of the FDCPA for a debt collector to mislead those persons about whether they are personally liable for those debts, or about which assets a collector could legally seek to satisfy those debts. The proposed Statement specifically emphasized that:
>
> > [e]ven in the absence of any specific representations, depending on the circumstances, a collector's communication with an individual might convey the misimpression that the individual is personally liable for the decedent's debts, or that the collector could seek certain assets to satisfy the debt. To avoid creating such a misimpression, it may be necessary for the collector to disclose clearly and prominently that: (1) It is seeking payment from the assets in the decedent's estate; and (2) the individual could not be required to use the individual's assets or assets the individual owned jointly with the decedent to pay the decedent's debt.
> > . . .
>
> These disclosures generally will be sufficient to prevent deception.

40.     In stark contrast to the FTC's Policy Statement, during every collection communication that Defendants had with Plaintiff, Defendant affirmatively represented to Plaintiff that she was personally obligated to pay these debts.

41. Through collections letters and telephone calls, Defendants repeatedly told Plaintiff that she was liable to pay these debts and then asked for payment on these accounts.

42. Defendants reported these debts on Plaintiff's credit reports as adverse accounts as if they were her own.

43. Defendants never asked to speak with the representative of Guy's estate, and never stated that payment would only have to be made out of Guy's estate.

44. Moreover, Defendants never informed Plaintiff that she would not be required to use her own assets, or assets she owned jointly with Guy, to pay her late husband's debts.

45. Even after Plaintiff disputed these debts, Defendants illegally and wrongfully affirmed that she would continue to be liable to pay them.

46. Defendants continually and repeatedly misled Plaintiff into believing that she was personally responsible to pay these medical debts of her late husband, when she not liable to pay these debts.

47. Every communication Defendants had with Plaintiff in an attempt to collect this debt from Plaintiff was therefore a violation of the WCA, and an independently false and deceptive collection practice in violation of the FDCPA.

48.     On or around May 7, 2012, Defendant Americollect sent another collection letter to Plaintiff demanding payment for these alleged debts, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

49.     Defendant Americollect's May 7, 2012, collection letter was addressed to Plaintiff and again stated, in pertinent part, as follows:

> Following is a list of debts at our office for collection.

| CREDITOR NAME | ACCOUNT # | ORIGINAL CREDITOR DATE | BALANCE |
|---|---|---|---|
| COMMUNITY MEMORIAL HOSPITAL | 74585522 | 04/16/2006 | $189.97 |
| COMMUNITY MEMORIAL HOSPITAL | 75047381 | 12/22/2006 | $262.11 |
| COMMUNITY MEMORIAL HOSPITAL | 75051904 | 12/26/2006 | $185.55 |
| | | TOTAL: | $637.63 |

> Your payment is past due!
> Please pay the balance shown above.

50.     Defendant Americollect's May 7, 2012, collection letter was an illegal attempt to collect a debt from Plaintiff well beyond the applicable statute of limitations, which, pursuant to Wis. Stat. § 893.93, would have expired August 25, 2009, and pursuant to Wis. Stat. § 893.43, would have expired April 16, 2012, as to Account # 74585522.

51.     Defendant Americollect's attempt to collect of an out-of-statute debt from Plaintiff was a false, misleading and deceptive act done in violation of the WCA at Wis. Stat. § 427.104(1)(j).

52. Defendant Americollect's collection of an out-of-statute debt from Plaintiff, a third-party who does not owe this debt, was also a harassing, oppressive, abusive, false, deceptive, misleading and unfair act done in violation of the FDCPA at 15 U.S.C. §§ 1692c(b), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

53. Defendant Americollect's attempt to collect these debts from Plaintiff, and its repeated representations that she owed her late husband's debts, were also false, misleading and deceptive actions done in violation of the WCA at Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

54. Defendant Americollect's attempt to collect these debts from Plaintiff, and its repeated misrepresentations that she owed her late husband's debts, were also false, deceptive, misleading, abusive and unconscionable actions done in violation of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

### *May 2012 Illegal Collection Calls*

55. On or around May 16, 2012, Defendant Americollect called Plaintiff and left a voicemail for her to call them back right away, which was a "communication"

in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

56. On or around May 17, 2012, Plaintiff returned Defendant Americollect's call and spoke with Defendant Tina.

57. During the course of the telephone call, Defendant Tina demanded payment for these alleged debts, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

58. Defendant Tina then told Plaintiff that the balance on the account was $637.63, and proceeded to ask Plaintiff how she was going to take care of that balance, or words to that effect.

59. Plaintiff explained to Defendant Tina that these were not her bills, but that they were her husband's bills who passed away five years before.

60. Defendant Tina then told Plaintiff that she was still liable on the debt, even though her husband had passed away, because they were married at the time the debt was incurred.

61. Plaintiff was confused and upset at this, and stated that she did not think that was the case.

62. Defendant Tina then sarcastically asked Plaintiff, "He was alive at the time he incurred the debt, is that correct?"

63. Plaintiff was completely caught off guard by this insensitive remark.

64. Plaintiff thereafter became very upset by the insensitive and hurtful remark regarding her late husband's death.

65. Plaintiff responded that of course he was alive, given that deceased person could not incur debts.

66. Defendant Tina's remark was an abusive non-sequitur intended to re-assert a harassing tone into the collection conversation and to upset Plaintiff.

67. Defendant Tina continued to explain to Plaintiff that since Wisconsin is a marital property state, Plaintiff is still liable for Guy's debts.

68. This explanation proffered by Defendant Tina was both false and misleading, and an unauthorized practice of law by a non-attorney offering legal advice to adverse party in violation of Wisconsin law. *See* Wis. Stat. § 757.30.

69. Defendant Tina then stated that she was going to get a supervisor on the phone.

70. A few moments later, Defendant Lisa got on the telephone and asked whether Plaintiff and Guy were married at the time when the debts were incurred.

71. Plaintiff responded that they were married at the time but that she had disputed owing this debt.

72. Plaintiff explained that Guy had cancer at the time and these bills were his bills.

73. Plaintiff further expressed her concern that these alleged debts were showing up on her credit report.

74. Defendant Lisa explained that all she knew was that Wisconsin was a marital property state and that was why Plaintiff was liable for these alleged debts.

75. This explanation proffered by Defendant Lisa was both false and misleading, and an unauthorized practice of law by a non-attorney offering legal advice to adverse party in violation of Wisconsin law. *See* Wis. Stat. § 757.30.

76. Defendant Lisa then stated that the debts would continue to show up on Plaintiff's credit reports as an unpaid balance, even though she disputed this debt and did not owe it.

77. Defendant Lisa then asked if Plaintiff could pay this alleged debt.

78. Plaintiff explained that she was not going to pay them because she did not understand why she would be liable for these debts, and the call ended shortly thereafter.

79.     After Plaintiff hung up the phone, she became very emotional and wept because of the traumatic memories that these collection communications had stirred up by these Defendants.

80.     Defendants' repeated attempts to collect these alleged debts during these conversations with Plaintiff on May 17, 2012, caused her to become very upset and brought back many emotions from the tragic night that Plaintiff suffered when her husband passed away.

81.     Defendants were intimately familiar with both the facts and circumstances surrounding the tragic death of Plaintiff's husband, and yet they persisted in a course of conduct designed to abuse and harass Plaintiff into paying these alleged debts.

82.     Defendants' collection of an out-of-statute debt from Plaintiff during this conversation was also a false, misleading, deceptive and unfair act done in violation of the WCA at Wis. Stat. § 427.104(1)(j), and in violation of the FDCPA at 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

83.     Moreover, Defendants' attempt to collect these debts from Plaintiff, and their repeated representation that she owed the debts of her late husband, were false, misleading, deceptive, abusive and unconscionable actions done in violation of the WCA at Wis. Stat. §§ 427.104(1)(c), 427.104(1)(e), 427.104(1)(g),

427.104(1)(h), 427.104(1)(j), and 427.104(1)(L), and in violation of the FDCPA at 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692c(b), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

### *October 9, 2012, Illegal Collection Call*

84. On or around October 9, 2012, Defendant Americollect collector, Defendant Doe, called Plaintiff and again demanded payment for these alleged debts, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

85. Defendant Doe told Plaintiff that she owed money for bills from Community Memorial Hospital.

86. Plaintiff asked if these were the same bills that Defendants were previously attempting to collect for he deceased husband.

87. Defendant Doe responded that these were the medical bills for her deceased husband, Guy.

88. Plaintiff explained that she had already disputed these debts on multiple occasions with Defendants, and asked why Defendants were continuing to call her.

89. Defendant Doe stated that she could see the debts were disputed by Plaintiff, but affirmatively stated that Plaintiff was still responsible because of the marital property law in Wisconsin.

90. This explanation proffered by Defendant Lisa was both false and misleading, and an unauthorized practice of law by a non-attorney offering legal advice to adverse party in violation of Wisconsin law. *See* Wis. Stat. § 757.30.

91. Plaintiff responded that she did not think that she was responsible and asked that Defendants remove these accounts from her credit report.

92. Defendant Doe said that she could not remove these accounts from Plaintiff's credit report, and continued demanding payment from Plaintiff for payment.

93. Plaintiff responded that she could not afford to pay these debts, and thereafter the call ended.

94. Defendant Doe's conversation with Plaintiff on October 9, 2012, again caused her to become very upset because Plaintiff felt helpless to stop the barrage of collection demands from Defendants for debts that she did not owe.

95. Plaintiff also continued to be very upset by the sad memories of her late husband which these unwarranted collection calls stirred up.

96. Defendants' collection of an out-of-statute debt from Plaintiff during this conversation was a false, misleading, deceptive and unfair act done in

violation of the WCA at Wis. Stat. § 427.104(1)(j), and in violation of the FDCPA at 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

97. Moreover, Defendants' attempt to collect these debts from Plaintiff, and their repeated misrepresentations that she owed the debts of her late husband, were false, misleading, deceptive, abusive and unconscionable actions done in violation of the WCA at Wis. Stat. §§ 427.104(1)(c), 427.104(1)(e), 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L), and in violation of the FDCPA at 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692c(b), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

### *Telephone Consumer Protection Act*

98. At all times relevant to this complaint, Plaintiff was a "person" as defined by the TCPA, 47 U.S.C. § 153(39).

99. At all times relevant to this complaint, Defendants owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C. § 153(16), that originated, routed, and/or terminated telecommunications.

100. Defendants, at all times relevant to the complaint herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. § 153(50).

101. Defendants, at all times relevant to the complaint herein, engaged in "interstate communications" by the TCPA, 47 U.S.C. § 153(28).

102. At all times relevant to this complaint, Defendants have used, controlled, and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

103. At all times relevant to this complaint, Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls in Violation of the TCPA and FDCPA*

104. Within four (4) years immediately preceding the filing of this lawsuit, Defendants telephoned Plaintiff's cellular phone on numerous occasions, in violation of the TCPA.

105. Additionally, Defendants have left messages on Plaintiff's answering service, in violation of the TCPA.

106. Plaintiff never provided her cell phone number to Defendants, nor has she consented to calls from Defendants on this number.

107. Without Plaintiff's prior express consent, Defendant Americollect and its collectors repeatedly called Plaintiff on her cell phone numbers using an automatic telephone dialing system to call her cell phone in an attempt to collect these alleged and disputed debts.

108. When Plaintiff did not answer these calls, Defendants would leave an automated message that indicated that they were a debt collector and instructed her to call Defendants back.

109. Defendants' messages to Plaintiff were from a prerecorded and/or synthesized voice.

110. Despite Plaintiff's repeated dispute of these debts, Defendants continued to call her cell phone using an automated computerized dialer and/or a pre-recorded voice to leave Plaintiff messages.

111. All of the aforementioned calls and messages from Defendants were sent to Plaintiff in willful violation of the TCPA and the FDCPA because Defendant never obtained Plaintiff prior express consent, and had no basis to believe that they had Plaintiff prior express consent, to make such automated dials to her cellular telephone.

112. Defendant Americollect and its collectors have repeatedly and willfully contacted Plaintiff on her cellular telephone, all of which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2), and in violation of the FDCPA, WCA and TCPA.

113. Defendant Americollect and its collectors have repeatedly and willfully left automated and pre-recorded voicemails with Plaintiff that were

21

"communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2), and in violation of the FDCPA, WCA and TCPA.

114. Defendants' repeated autodialed collection calls to Plaintiff's cell phone within the last year prior to filing this complaint, were illegal attempts to collect these debts in violation of numerous and multiple provisions of the WCA and FDCPA.

115. Defendants' repeated autodialed collection calls to Plaintiff's cell phone, within the last four years prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

### *Illegal Credit Reporting*

116. Throughout the collection of these accounts, Defendant Americollect has been reporting Guy's medical debt accounts on all of Plaintiff's credit reports, including TransUnion, Experian and Equifax.

117. The accounts are being reported by Defendant Americollect and showing up as adverse collection accounts from Community Memorial Hospital.

118. Defendant Americollect has been inaccurately and illegally reporting these accounts on Plaintiff's credit reports.

119. Defendant Americollect's inaccurate credit reporting has had a severe negative impact on Plaintiff's credit score.

120. Defendant Americollect's inaccurate reporting of these debts on Plaintiff's credit reports was a false, misleading and deceptive act done in violation of the WCA at Wis. Stat. §§ 427.104(1)(c), 427.104(1)(e), 427.104(1)(f), and 427.104(1)(h).

121. Defendant Americollect's inaccurate reporting of these debts on Plaintiff's credit reports was also a false, deceptive, misleading and unfair act done in violation of the FDCPA at 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, and 1692f(1).

*Summary*

122. All of the above-described collection communications made to Plaintiff by Defendants and other collection employees employed by Defendant Americollect, were made in violation of numerous and multiple provisions of the FDCPA, WCA and TCPA, including but not limited to all of the above-cited provisions.

123. Defendants' actions as described herein have left Plaintiff feeling helpless, extremely emotionally upset, and victimized.

124. After watching her husband pass away before her eyes in 2007, Plaintiff barely had a chance to grieve.

125. Plaintiff was almost immediately thrust into the process of probate, struggling to try to avoid a foreclosure, but ultimately losing her home.

126. All of these things happened as a direct and proximate result of the financial predicament she found herself in following her late husband's untimely and tragic death.

127. Shortly thereafter, Defendants started harassing her for the collection of her late husband's medical debts, which she neither owed nor could afford to pay.

128. Despite Plaintiff's repeated disputes, Defendants refused to stop the persistent and intrusive telephone calls, and continued with their collection activity.

129. As a direct result, Plaintiff has suffered greatly from Defendants' illegal collection activity.

### Respondeat Superior Liability

130. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Americollect who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Americollect.

131. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Americollect in collecting consumer debts.

132. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Americollect.

133. Defendant Americollect is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, WCA and TCPA, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

134. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

135. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

136. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

137. Defendants' violations of the WCA were also independent and further false and deceptive collection practices done in violation of the FDCPA.

138. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## VIOLATIONS OF THE WISCONSIN CONSUMER ACT

## WIS. STAT. § 427 *et seq.*

139. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

140. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the WCA including, but not limited to, each and every one of the above-cited provisions of the WCA, Wis. Stat. § 427, with respect to Plaintiff.

141. Defendants' violations of the FDCPA were also independent and further false and deceptive collection practices done in violation of the WCA.

142. As a result of each Defendant's violations of the Wisconsin Consumer Act, Plaintiff is entitled to actual damages, including emotional distress and mental anguish pursuant to Wis. Stat. § 427.105(1); the penalty provided in Wis. Stat. § 425.304; and reasonable attorney's fees and costs pursuant to Wis. Stat. § 425.308, from each Defendant herein.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *et seq.*

143. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

144. Within the four (4) year period immediately preceding this action, Defendants have made numerous calls to Plaintiff's cellular telephone services using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

145. The acts and omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

146. As a causally direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

147. Defendants did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cellular telephone.

148. Defendants made such calls willfully, and in direct contradiction to Plaintiff's verbal disputes.

149. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

150. Defendants willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

151. Plaintiff is entitled to injunctive relief prohibiting Defendants from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

## COUNT II.

## VIOLATIONS OF THE WISCONSIN CONSUMER ACT

## WIS. STAT. § 427

- for an award of actual damages pursuant to Wis. Stat. § 427.105(1) against each Defendant and for Plaintiff;

- for an award of $1,000.00 pursuant to the penalty provided in Wis. Stat. § 425.304 against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Wis. Stat. § 425.308 against each Defendant and for Plaintiff.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendants and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendants and for Plaintiff;

- for an injunction prohibiting Defendants from contacting Plaintiff on her cellular phones using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a); and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 16, 2013

**BARRY, SLADE, WHEATON & HELWIG, LLC**

By: s/ Patrick J. Helwig
Patrick J. Helwig, Esq.
Attorney I.D. # 1081347
Peter F. Barry, Esq.
Minnesota Attorney ID# 0266577
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

**Attorneys for Plaintiff**

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN        )
                                   ) ss.

COUNTY OF WAUKESHA     )

Pursuant to 28 U.S.C. § 1746, Plaintiff Jillene A. Fohr, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _April_ _16_, _2013_
               Month      Day      Year

_Jillene Fohr-Fich_
Signature